NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| JIMMY I. DAVIS, | Civil Action No.: 15-cv-8402-CCC-JBC |
|---|---|
| Plaintiff, | |
| v. | OPINION |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, | |
| Defendant. | |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant Megan J. Brennan in her official capacity as Postmaster General ("Defendant") for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 39. Plaintiff Jimmy I. Davis ("Plaintiff"), who is proceeding *pro se* in this Title VII action, opposes the motion. ECF No. 43. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants Defendant's motion.

II. **BACKGROUND**

On August 30, 2014, following a confrontation with his supervisors, Plaintiff, a United States Postal Service ("USPS") employee who serves as a tractor-trailer operator, was placed in off-duty, unpaid status for "Conduct Un[be]coming of a United States Postal Employee (Zero Tolerance Policy)." Defendant's Statement of Material Facts ("DSOF") ¶¶ 1-2.[1] Plaintiff's off-

---

[1] Local Civil Rule 56.1 requires a party moving for summary judgment to file a statement of material facts not in dispute. An opposing party must file a responsive statement, addressing each

duty, unpaid status, which the parties' submissions also refer to as an "emergency placement" or "suspension," lasted for 74 hours. *Id.* ¶ 3.

### A. August 2014 EEO Claim

On August 31, 2014, Plaintiff submitted an Information for Pre-Complaint Counseling to the Equal Employment Opportunity Commission ("EEOC"), in which he alleged the August 30, 2014 emergency placement was retaliation for two prior EEO complaints he had filed. *Id.* ¶¶ 7-9. On September 30, 2014, a Notice of Right to File a formal EEO complaint was issued to Plaintiff, advising him that he had 15 days from receipt of the notice to file a formal complaint with the National EEO Investigative Services Office ("NEEOISO"). *Id.* ¶¶ 10-11. However, Plaintiff did not file a formal complaint. *Id.* ¶ 12.

### B. January 2015 MSPB Appeal

On January 12, 2015, Plaintiff appealed his August 30, 2014 placement to the United States Merit Systems Protection Board ("MSPB"), identifying his August 30, 2014 emergency placement as the challenged personnel action and the basis for his appeal as "[s]ervice is in Violation of 'NO FEAR Act' of 2002." *Id.* ¶¶ 13-14. On March 26, 2015, an Administrative Judge dismissed Plaintiff's MSPB appeal for lack of jurisdiction, stating that MSPB's jurisdiction extends only to unpaid suspensions that exceed 14 days. The decision did not address the timeliness of the appeal, and stated that the decision would become final on April 30, 2015 unless Plaintiff filed a petition for review with the full MSPB. *Id.* ¶¶ 16-20. However, Plaintiff did not file a petition for review, and the decision became final on April 30, 2015.

---

material fact and "indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents." L. Civ. R. 56.1. Any material fact not disputed "shall be deemed undisputed" for purposes of deciding the motion. *Id.*

2

### C. May 2015 Removal and Second MSPB Appeal

On May 15, 2015, USPS issued a Letter of Decision notifying Plaintiff that he would be removed from his position and that his removal would "become effective on June 5, 2015." *Id.* ¶ 4. The May 15, 2015 letter cited the August 30, 2014 incident along with Plaintiff's history of discipline. *Id.* ¶ 5. On May 17, 2015, Plaintiff appealed USPS's May 15, 2015 Letter of Decision to the MSPB. *Id.* ¶ 21. On April 25, 2016, an Administrative Judge dismissed without prejudice Plaintiff's appeal to permit him time to attempt to retain counsel and provided that the appeal would be refiled automatically on July 11, 2016. *Id.* ¶ 30. After Plaintiff's appeal was automatically refiled, on August 23, 2016, Plaintiff and USPS entered into a settlement agreement in which the latter agreed to rescind the May 15, 2015 Letter of Decision, institute a four-month suspension instead of removal, and pay Plaintiff a lump sum of $20,000 in compensatory damages. *Id.* ¶¶ 31-33.

### D. September 2015 Second EEO Claim

On September 19, 2015, Plaintiff filed an Information for Pre-Complaint Counseling with the EEOC alleging wrongful discharge and referring to his January 12, 2015 appeal to the MSPB. *Id.* ¶¶ 35-36. On October 16, 2015, the EEOC issued to Plaintiff a Notice of Right to File a formal complaint, and on October 26, 2015, Plaintiff submitted a formal EEO complaint. *Id.* ¶¶ 37-38. The NEEOISO dismissed Plaintiff's complaint on November 19, 2015 because Plaintiff "made an election to proceed before the [MSPB]" through his May 17, 2015 appeal, which concerned "the same action challenged in the" EEO complaint. *Id.* ¶ 40.

### E. Title VII Action Procedural History

On December 2, 2015, Plaintiff initiated this Title VII action challenging his August 30, 2014 placement and seeking lost wages, movement to a higher-level position within USPS,

3

removal of all disciplinary letters and actions from his file, and compensation for pain and suffering. ECF No. 1. Plaintiff filed an Amended Complaint on June 23, 2016, omitting his requests for equitable relief such that he now seeks only compensatory and punitive damages. ECF No. 16. Defendant subsequently filed the instant motion for summary judgment, (ECF No. 39-1 ("Def. Br.")), seeking dismissal of Plaintiff's claims based on Plaintiff's failure to exhaust his administrative remedies. Plaintiff filed an opposition, (ECF No. 43 ("Opp.")), and Defendant filed a reply, (ECF No. 44 ("Def. Reply")). In addition, Plaintiff filed a letter on March 5, 2018, (ECF No. 51), which the Court construed as Plaintiff's responsive statement of material facts pursuant to Local Civil Rule 56.1.[2] ECF No 55.

### III. **LEGAL STANDARDS**

#### A. **Summary Judgment**

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

The moving party has the initial burden of proving the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists

---

[2] This Court is mindful that Plaintiff is proceeding *pro se*, and will therefore construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotations omitted)).

4

a genuine issue of material fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citations omitted); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact," the opponent must "exceed the 'mere scintilla' threshold . . . ." (citations omitted)). A fact is "material" if a dispute "might affect the outcome of the suit under governing law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. *Id.* at 249.

### B. Exhaustion of Administrative Remedies

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997) (citing *McKart v. United States*, 395 U.S. 185, 193 (1969)). Courts require plaintiffs to exhaust these remedies in order "to promote administrative efficiency, respect executive autonomy by allowing an agency the opportunity to correct its own errors, provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile the factual record." *Id.* (quoting *Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 370 (3d Cir. 1986)) (internal quotation marks omitted). "The Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit." *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir.1995). "[A] court need not pass upon the merits of a

5

plaintiff's substantive claim until it satisfies itself that the claim is properly before it, including determining whether the plaintiff properly exhausted administrative remedies." *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3d Cir. 2007).

## IV. DISCUSSION

All facts are construed in favor of Plaintiff as the non-moving party. As discussed above, Plaintiff initiated four administrative challenges relevant to this action: (1) an EEO claim filed on August 31, 2014; (2) an appeal to the MSPB filed on January 12, 2015; (3) a second appeal to the MSPB filed on May 17, 2015; and (4) a second EEO claim filed on September 19, 2015. The first two challenges pertain to Plaintiff's August 30, 2014 emergency placement, while the latter two challenges pertain to his May 15, 2015 notice of removal. Defendant contends that because Plaintiff did not exhaust or seek timely judicial review of any of his four challenges, review of his claims in this Court is precluded. According to Defendant, all four challenges alleged a "mixed case" of "retaliation for prior EEO activity coupled with an improper adverse personnel action." Def. Br., at 2. Although Defendant's motion addresses exhaustion of all four administrative challenges, Defendant contends that only Plaintiff's August 30, 2014 placement appears to be the basis for Plaintiff's Amended Complaint in this action, given Plaintiff's pleading is silent with respect to the May 15, 2015 Letter of Decision. *See id.* at 5, 7, 22. The Court addresses all four administrative challenges in turn below.

### A. Plaintiff Failed to Exhaust His Administrative Challenges to His August 14, 2014 Emergency Placement

Defendant contends that Plaintiff cannot sustain a claim based on the August 14, 2014 placement because he failed to exhaust administrative remedies and timely seek judicial review. Defendant asserts that to exhaust the claims under Title VII, Plaintiff was required to contact an EEO counselor within 45 days of the alleged discriminatory action, *see* 29 C.F.R. §

6

1614.105(a)(1), and then file a formal complaint within 15 days of receiving notice of right to file a complaint, *see* 29 C.F.R. § 1614.106(b). Here, Plaintiff timely filed a pre-complaint form with the EEO on August 31, 2014 challenging the August 30, 2014 placement, but then did not file a formal EEO complaint. Defendant contends that such an abandonment of the agency process before its conclusion is a failure to exhaust that precludes judicial review. Def. Br. at 20-21. In his opposition, Plaintiff does not dispute that after filing his first EEO challenge on August 31, 2014, he never filed a formal EEO complaint. The Court finds that Plaintiff abandoned the agency EEO process, which constitutes a failure to exhaust that prevents judicial review. *See Green v. Postmaster Gen. of U.S.*, 437 F. App'x 174, 177-78 (3d Cir. 2011) (affirming dismissal of civil claim under Title VII based on plaintiff's failure to exhaust administrative claims where the plaintiff failed to file a timely formal EEO complaint); *see also Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013) (noting that the fact that the plaintiff "voluntarily withdrew her MSPB appeal does not excuse her failure to exhaust"); *Word v. Potter*, 149 F. App'x 97, 100 (3d Cir. 2005) (concluding that plaintiff was "barred from maintaining [his] action under Title VII" when he failed to exhaust the administrative procedures by initiating the EEO process within 45 days of the alleged discrimination); *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 770 (9th Cir. 1991) ("[A]bandonment of the administrative process may suffice to terminate an administrative proceeding before a final disposition is reached, thus preventing exhaustion and precluding judicial review.").

Defendant also contends that the MSPB's dismissal of Plaintiff's January 12, 2015 appeal is ineligible for judicial review. Def. Br. at 21-22. Specifically, Defendant asserts that even if the MSPB had jurisdiction, Plaintiff filed his appeal more than four months after August 30, 2014 and his claim was therefore untimely. *See* 5 C.F.R. § 1201.154(a) (setting forth a 30-day deadline to

7

file an appeal after the effective date of the contested action). In his opposition, Plaintiff concedes that his January 12, 2015 appeal was untimely. Opp. at 2, ¶ 3. Defendant further contends that even if Plaintiff's MSPB appeal had been timely, Plaintiff failed to timely seek judicial review within the required 30 days of the MSPB's decision, which became final on April 30, 2015. *See* 29 C.F.R. § 1614.310(a). Plaintiff does not dispute that after the MSPB dismissed his January 12, 2015 appeal for lack of jurisdiction, Plaintiff did not contest the dismissal with the full MSPB. or timely seek review in this Court. Plaintiff also does not dispute that he initiated the instant litigation on December 2, 2015, approximately seven months after the MSPB's decision became final. The Court finds that Plaintiff's claims must be dismissed based on his failure to timely and completely exhaust this second administrative process.

**B.     Plaintiff Failed to Exhaust His Administrative Challenges to His May 15, 2015 Letter of Decision**

Defendant also asserts that, to the extent Plaintiff contends that the instant litigation challenges his proposed May 15, 2015 removal, such a challenge would fail because Plaintiff "failed to exhaust his administrative claims and there is no judicially reviewable agency action." Def. Br. at 23. Specifically, Defendant argues that judicial review is precluded because the MSPB never heard or decided Plaintiff's May 17, 2015 appeal of the May 15, 2015 notice of removal, which had culminated in a settlement between Plaintiff and USPS. *Id.* at 23-24.

In addition, Defendant contends that Plaintiff's second EEO challenge initiated on September 19, 2015 is not properly reviewable by this Court because Plaintiff's EEO claim was filed after Plaintiff first elected to proceed before the MSPB on May 17, 2015. *Id.* at 24. Plaintiff's decision to pursue the MSPB appeal was a "binding election of remedies" that precluded Plaintiff's filing of an EEO claim. *Id.* (citing 29 C.F.R. § 1614.302(b); *Burkhart v. Potter*, 166 F. App'x 650, 652 n.4 (3d Cir. 2006)). Defendant also argues that even if the Court were to find that Plaintiff

8

properly pursued his second EEO claim, Plaintiff failed to timely pursue that claim within 45 days "of the effective date of the action." *Id.* (quoting 29 C.F.R. § 1614.105(a)(1)). The May 15, 2015 Letter of Removal informed Plaintiff that his removal would "become effective on June 5, 2015," and Plaintiff did not file his EEO claim by July 20, 2015 (45 days from June 5, 2015).

Plaintiff does not dispute that he settled his second appeal to the MSPB or that his second EEO complaint was dismissed because he had already challenged his proposed removal before the MSPB. Plaintiff also does not dispute that he filed his second EEO complaint on September 19, 2015. In his opposition, however, Plaintiff states that "[o]n August 8, 2015, the agency officially discharged plaintiff and as a result of this adverse action, the plaintiff filed a timely EEO complaint on September 19, 2015." Opp. at 2, ¶ 5; *see also id.* at 3 (reiterating that his discharge occurred on August 8, 2015). Similarly, in his responsive statement of material facts, Plaintiff states that "the effective date of [his] termination was on August 8, 2015 and not on June 5, 2015" and that he "had 45 days from date of the adverse action on August 8, 2015 to file an EEO complaint and did so, on September 19, 2015." ECF No. 51 at 1.

The Court finds that Plaintiff's failure to timely engage in the administrative process is a failure to exhaust that precludes judicial review. Although Plaintiff asserts that his alleged August 8, 2015 termination, rather than the effective date of the May 15, 2015 Letter of Decision, triggered the 45-day limitations period, Plaintiff omits the fact that he chose to proceed before the MSPB, precluding him from later seeking relief through the EEO process. *See* 29 C.F.R. § 1614.302(b); *Burkhart*, 166 F. App'x at 652 n.4. Moreover, Plaintiff has not alleged, and there is no basis in the record to believe, that August 8, 2015 is the date on which Plaintiff was first notified of his termination, i.e., the date on which the alleged discriminatory act occurred. *See Urban v. Bayer Corp. Pharm. Div.*, 245 F. App'x 211, 212 (3d Cir. 2007) ("For the purposes of filing a charge

alleging unlawful termination, the limitations period is measured from the date on which the employee was advised of her termination, and not from her last day of employment."). The Court agrees with Defendant that although it appears that May 15, 2015 may be the date Plaintiff received actual notice of his termination, July 20, 2015 (45 days from the effective date of June 5, 2015) was the last day for Plaintiff to have initiated a timely EEO challenge.

Moreover, Plaintiff's opposition states that he "was removed on August 30, 2014, in the same manner as in his past, he was taken out of service and 'Emergency Placed', followed by trumped charges and untimely grievances filed by the union, consequently, resulting in the discharge of plaintiff on August 8, 2015." Opp. at 3. To the extent Plaintiff requests that the Court consider his August 30, 2014 suspension and May 15, 2015 proposed removal as a course of disciplinary conduct rather than as discrete acts, the Court declines to do so. Although the continuing violation doctrine may save untimely claims when a plaintiff can establish that the discriminatory conduct "is part of a pattern and at least one of those acts occurred within the statutory limitations period," *Sarno v. Wal-Mart Stores East, L.P.*, No. 12-2075, 2012 WL 5880361, at *4 (D.N.J. Nov. 20, 2012) (citation omitted), the doctrine will not permit plaintiffs to raise untimely claims that involve "discrete acts, which are individually actionable," *O'Connor v. City of Newark*, 440 F.3d 125, 127 (3d Cir. 2006). Here, the August 30, 2014 suspension and May 15, 2015 proposed removal are separate disciplinary actions, and exhaustion of each claim and the applicable statute of limitations must be considered separately.[3]

In sum, the Court finds that plaintiff failed to exhaust his administrative remedies and

---

[3] The Court also notes that Plaintiff's responsive statement of material facts alleges that USPS violated the terms of the August 23, 2016 settlement agreement. *See* ECF No. 51. Plaintiff has not sufficiently explained how that agreement waives the statutory prerequisites for filing suit in federal court.

10

timely seek judicial review. Thus, his claims do not qualify for review by this Court. Accordingly, the Court grants Defendant's motion for summary judgment and dismisses Plaintiff's claims.

### C. Punitive Damages Are Unavailable

Finally, the Court notes that in his Amended Complaint and opposition to Defendant's motion, Plaintiff requests punitive damages. ECF No. 16 at 4; Opp. at 3 (seeking $350,000 in punitive damages). The Court concludes that even if Plaintiff's claims were properly before this Court, punitive damages would be unavailable where, as here, the defendant is a government agency. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." (emphasis added)); *Waller v. U.S. Postal Serv.*, No. 12-1244, 2013 WL 3245204, at *4 (W.D. Pa. June 26, 2013) (granting motion to strike plaintiff's demand for punitive damages and concluding that the "Postal Service is a 'government agency' exempt from punitive damages under Title VII").

## V. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment. An appropriate Order accompanies this Opinion.

Dated: Nove~ 30, 2018

CLAIRE C. CECCHI, U.S.D.J.